# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re                                                          Case No. 04-11010-WRS
                                                               Chapter 13
KIMEKA N. BARBER,

     Debtor

## MEMORANDUM DECISION

This Chapter 13 case came before the Court for an evidentiary hearing on October 6, 2004, in Dothan, Alabama, upon the Debtor's motion to hold Citifinancial in contempt of court. (Doc. 27). The Debtor, Kimeka N. Barber, was in court in person and by counsel Deborah S. Seagle. Citifinancial did not appear. The Debtor complains that Cititifinancial made dozens of attempts to collect an indebtedness after the date of the petition in bankruptcy. The Court will construe the Debtor's motion as one seeking damages for repeated and willful violations of the automatic stay. See, 11 U.S.C. § 362.

The Debtor filed a voluntary petition in bankruptcy pursuant to Chapter 13 of the Bankruptcy Code on May 12, 2004. (Doc. 1). At that time, by operation of law, Citifinancial was stayed from taking collection action against Barber. 11 U.S.C. § 362(a). As Citifinancial had been actively attempting to collect the indebtedness, Barber hand-delivered a copy of her petition to the Citifinancial office in Dothan. Citifinancial is listed as a creditor in the Debtor's schedules and is listed on the mailing matrix. Therefore, Citifinancial would have received notice of the Debtor's bankruptcy filing within a few days after the filing. On June 2, 2004, Citifinancial filed a proof of claim in the amount of $2,779.14. (Claim No. 3). The filing of the claim proves that there is no doubt that Citifinancial had actual notice of the filing of this bankruptcy case.

It should be noted that the Debtor filed a Chapter 13 Plan which proposes to pay all creditors 100% of the indebtedness owed. In other words, all Citifinancial had to do was file a claim and wait for its money. While it did file a proof of claim, it was not content to wait for the Debtor's Plan to work its course.

Barber testified at the October 6, 2004, hearing that Citifinancial made telephone calls on nearly a daily basis for a period of almost three months after the bankruptcy filing. Barber repeatedly advised Citifinancial of the bankruptcy filing. In addition, the bankruptcy paralegal for Barber's lawyer telephoned Citifinancial and Barber's lawyer also wrote Citifinancial, all to no avail. The telephone calls stopped not long after the time the Debtor's Motion for Contempt was filed. (Doc. 21).

Based upon the evidence, the Court finds that Citifinancial has committed numerous willful violations of the automatic stay, in violation of 11 U.S.C. § 362(a). As the conduct here was repeated many times, the Court will impose both actual damages and punitive damages. Unfortunately, Barber did not keep a log of the telephone calls. Therefore, only an estimate of the number of telephone calls may be made. Based upon the testimony offered, the Court finds that at least 50 telephone calls were made by Citifinancial in violation of the automatic stay. These telephone calls were made to harass the Debtor and destroyed the peace and tranquility of her home. The Court concludes that damages in the amount of $100 per telephone call, for a total of $5,000 in actual damages should be imposed. Given the sheer number of these telephone calls, the Court will award punitive damages in the amount of an additional $5,000, for a total award of $10,000.

The Court is aware that the Debtor does not claim that she has suffered any psychological damage. Moreover, there is no evidence that Citifinancial threatened violence or intimidation. However, the act of making repeated telephone calls in violation of the automatic stay, with actual knowledge of the bankruptcy filing, warrants a monetary sanction sufficient to deter such conduct in the future. The Court further notes that Citifinancial appears to be part of Citigroup, which is believed to be one of the largest financial services' provider in the United States.[1] See, In re: Kortz, 283 B.R. 706, 713 (Bankr. N.D. Ohio 2002)(Punitive damages in the amount of $51,000 awarded for repeated telephone calls); In re: Goodfellow, 298 B.R. 358, 361 (Bankr. N.D. Iowa 2003)(Actual damages in the amount of $5,000 and punitive damages in the amount of $5,000 awarded for repeated telephone calls); In re: Riddick, 231 B.R. 265 (Bankr. N.D. Ohio 1999)(Punitive damages in the amount of $3,000–$5000 for each of 6 offending telephone calls– awarded, plus attorney's fees); see also, In re: Skeen, 248 B.R. 312 (Bankr. E.D. Tenn. 2000)(While two telephone calls made after bankruptcy filing were a technical violation of the automatic stay, no damages were awarded as the harm was inconsequential).

As a final matter, the Court will award attorney's fees. It is necessary to compensate counsel to bring contested matters such as this to keep the automatic stay from becoming ineffective. Attorney's fees are specifically provided under 11 U.S.C. § 362(h). The Court will, by way of a separate document, enter judgment in favor of the Debtor in the amount of $10,000, consisting of $5,000 for actual damages and $5,000 for punitive damages. The Court will offset

---

[1] Exhibits offered into evidence included correspondence with the familiar "Citi" logo.

the damage award against the claim of Citifinancial, which is filed in the amount of $2,779.14, for a net judgment of $7,220.86. In addition, Debtor's counsel shall file an affidavit setting forth her attorney's fees for bringing this contested matter within 15 days of the date of this order.

Done this 18th day of November, 2004.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Deborah S. Seagle, Attorney for Debtor
Citifinancial *(Dothan, Alabama)*
Citifinancial *(Charlotte, NC)*
Curtis C. Reding, Trustee